UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JUNE TYMON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-5571** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION L** |

**ORDER & REASONS**

Before the Court is a motion by Defendant State Farm Fire and Casualty Company to Dismiss for Failure to State a Claim. R. Doc. 7. Having considered the briefing and the applicable law, the Court rules as follows.

**I.     BACKGROUND**

On August 21, 2023, Plaintiff June Tymon filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson. R. Doc. 1-1 at 1. Tymon asserts that Defendant State Farm Fire and Casualty Company ("State Farm") maintained an insurance policy on her property, located at 1808 Clay Street, Kenner, Louisiana, 70062, and that State Farm has failed to pay amounts due under the policy.[1] *Id.*

Tymon alleges that the insurance policy was in effect on August 29, 2021, when Hurricane Ida made landfall in Louisiana and damaged her property. *Id.* at 2. Tymon alleges that the damage to her property was the type that her State Farm homeowner's insurance policy (the "Policy") covered. *Id.* Tymon further alleges that while State Farm has provided her with some payment of her claims, it has not fully paid the amount owed for the damages her property sustained. *Id.* Specifically, Plaintiff raises claims for her (1) property damage; (2) damage to contents; (3)

---

[1] Though not clear on the face of the Petition, it appears that Tymon is alleging a breach of insurance contract claim against State Farm and also seeks relief under Louisiana's valued policy law. La. Stat. Ann. §22:1318.

additional living expenses; (4) loss of rent and use; (5) other damages proven at trial. *Id.* at 1. Tymon also seeks policy benefits pursuant to La. Stat. Ann. § 22:1318 and actual damages, penalties, and attorneys' fees pursuant to La. Stat. Ann. §§ 22:1892 and 22:1973. *Id.* at 2.

On September 27, 2023, State Farm removed the case to this Court. R. Doc. 1. On November 21, 2023, it filed the instant 12(b)(6) motion to dismiss. R. Doc. 7.

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

"While a court is generally limited to factual allegations contained in the pleadings when ruling on a Rule 12(b)(6) motion to dismiss, a court may consider documents attached to a defendant's motion to dismiss 'if they are referred to in the plaintiff's complaint and are central to her claim'" *Moton v. Underwriters at Lloyd's London*, No. 22-3634, 2023 WL 6804365, *1, *2

(E.D. La. Sept. 7, 2023) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). Though Tymon did not attach the homeowner's insurance policy to her Petition, the Court may still consider the Policy appended to Defendant's 12(b)(6) Motion because she references it in her Petition, and it is essential to her claim.

### III.   ANALYSIS

Defendant argues that Tymon cannot succeed on her claims because she is not a named insured or third-party beneficiary under the Policy. R. Doc. 7 at 3-4. "Under Louisiana law, '[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation on contracts set forth in the Louisiana Civil Code.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (quoting *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 480 (La. 2003)). Further, "only a named insured, additional insured, or third-party beneficiary may bring suit under an insurance policy." *Axis Surplus Ins. Co. v. Third Mill. Ins. and Fin. Servs.*, 781 F. Supp. 2d 320, 323 (E.D. La. 2011). Accordingly, the Court must determine whether Tymon fits into any of those categories under the Policy for her claim to survive.

In her Petition, Tymon alleges that "[o]n the date of the losses made the subject of the instant suit, State Farm provided a homeowners policy(s) of insurance providing coverage to Petitioner, for the losses and damages alleged herein." R. Doc. 1-1 at 2.

#### a.   Whether the Policy Covers Tymon as a "Named Insured" or "Additional Insured"

State Farm argues that Tymon was not a party to the insurance contract, rather, that Policy No. 18-56-1857-6 only lists the "Estate of Ivah K. Layerle" as the named insured. R. Doc. 7-4. Accordingly, the Court finds that Tymon is not a named insured under the Policy which she claims amounts are owed.

The Policy also provides the option for additional insureds to assert claims. *Id.* Based on

her Petition, Tymon only alleges her claim as owner of the damaged property and does not allege any facts that could support a finding that she is an "additional insured" named in the Policy. R. Doc. 1-1 at 1-2. Thus, the Court finds that Tymon is not an additional insured of the Policy.

### b.  Whether the Policy Covers Tymon as a "Third-Party Beneficiary"

To qualify as a third-party beneficiary under Louisiana law, there must be a "manifestly clear" stipulation that the benefit has been conferred. *Price v. Housing Authority of New Orleans*, 433 Fed. App'x 446, 450 (5th Cir. 2011); La. Civ. Code Ann. art. 1978; *see also Moton*, 2023 WL 5804365, at *3 ("To be considered as a third-party beneficiary under Louisiana law, the stipulation must be 'manifestly clear' and is never presumed'") (internal citation omitted). In her petition, Tymon does not cite to any Policy provisions that indicate, let alone make it "manifestly clear," that she is a third-party beneficiary. Hence, she is not a third-party beneficiary under the Policy.

According to the facts pleaded in Plaintiff's Petition, she is neither a named insured, additional insured, nor is she an intended third-party beneficiary to the Policy. She also failed to submit a response in opposition to the instant motion on how she may fall under any of those categories. Because she cannot recover for the damage to her property under the Policy, the Court finds that her state law claims must be dismissed.

### IV.   CONCLUSION

Accordingly, State Farm Fire and Casualty Company's 12(b)(6) Motion, R. Doc. 7, is **GRANTED**. June Tymon's claims are hereby **DISMISSED** against State Farm Fire and Casualty Company **WITHOUT PREJUDICE**. Tymon is granted leave to file an amended complaint within thirty days to remedy the pleading deficiencies identified in this Order and Reasons.

New Orleans, Louisiana this 13th day of December, 2023.

_____
United States District Judge