**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JUNE TYMON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-5571** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION L(2)** |

**ORDER & REASONS**

Before the Court is a motion by Defendant State Farm Fire and Casualty Company to dismiss Plaintiff June Tymon's claims with prejudice. R. Doc. 10. Having considered the briefing and the applicable law, the Court rules as follows.

## I. BACKGROUND

On August 21, 2023, Plaintiff June Tymon filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson. R. Doc. 1-1 at 1. Tymon asserts that Defendant State Farm Fire and Casualty Company ("State Farm") maintained an insurance policy on her property, located at 1808 Clay Street, Kenner, Louisiana, 70062, and that State Farm has failed to pay amounts due under the policy. *Id.*

Tymon alleges that the insurance policy was in effect on August 29, 2021, when Hurricane Ida made landfall in Louisiana and damaged her property. *Id.* at 2. Tymon alleges that the damage was the type that her State Farm homeowner's insurance policy (the "Policy") covered. *Id.* Tymon further alleges that while State Farm has provided her with some payment of her claims, it has not fully paid the amount owed for the damages sustained. *Id.* Specifically, Plaintiff raises claims for her (1) property damage; (2) damage to contents; (3) additional living expenses; (4) loss of rent and use; (5) other damages proven at trial. *Id.* at 1. Tymon also seeks policy benefits pursuant to La. Stat. Ann. § 22:1318 and actual damages, penalties, and attorneys' fees pursuant to La. Stat.

Ann. §§ 22:1892 and 22:1973. *Id.* at 2.

On September 27, 2023, State Farm removed the case to this Court. R. Doc. 1. On November 21, 2023, it filed a 12(b)(6) motion to dismiss on the grounds that Tymon failed to show in her Complaint that she is insured under the Policy. R. Doc. 7. On December 13, 2023, this Court granted State Farm's motion without prejudice and allowed Tymon thirty days to file an amended complaint to remedy the deficiencies in her Complaint. R. Doc. 8. On January 18, 2024, State Farm filed the instant motion and argues that Tymon failed to comply with the Court's order. R. Doc. 10. Thus, it prays that the action be dismissed with prejudice. *Id.* No opposition was filed.

## II. LAW AND ANALYSIS

Rule 41(b) allows district courts to dismiss an action upon the motion of a defendant or its own motion, for failure to prosecute. *Morris v. Ocean Systems,* 730 F.2d 248, 251 (5th Cir. 1984); *Rogers v. Kroger Co.,* 669 F.2d 317, 319-20 (5th Cir. 1982). This authority is based on the power of district courts "to manage their own affairs so as to ensure the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962). Further, "[w]hen a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice." *Rodriguez v. United States*, 66 F.3d 95, 98 (5th Cir. 1995).

Here, State Farm points to Tymon's failure to respond to this Court's December 13 order. Over one month has passed since Tymon's deadline to respond. Because Tymon was given the opportunity to amend her complaint to demonstrate how she is covered under the Policy and refused to do so, the Court finds that dismissal of her complaint with prejudice is warranted.

## III. CONCLUSION

Accordingly, State Farm Fire and Casualty Company's Motion, R. Doc. 10, is **GRANTED**.

June Tymon's claims are hereby **DISMISSED** against State Farm Fire and Casualty Company with prejudice.

New Orleans, Louisiana this 14th day of February, 2024.

United States District Judge