UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JUNE TYMON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-5571** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION L(2)** |

### ORDER & REASONS

Before the Court is a motion by Plaintiff June Tymon's motion for a new trial. R. Doc. 13. Defendant State Farm Fire and Casualty Company opposes the motion. R. Doc. 15. Having considered the briefing and the applicable law, the Court rules as follows.

**I.     BACKGROUND**

On August 21, 2023, Plaintiff June Tymon filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson. R. Doc. 1-1 at 1. Tymon asserts that Defendant State Farm Fire and Casualty Company ("State Farm") maintained an insurance policy (the "Policy") on her property, located at 1808 Clay Street, Kenner, Louisiana, 70062, and that State Farm has failed to pay amounts due under the policy. *Id.*

Tymon alleges that the insurance policy was in effect on August 29, 2021, when Hurricane Ida made landfall in Louisiana and damaged her property. *Id.* at 2. Tymon alleges that the damage was the type that her Policy covered. *Id.* Tymon further alleges that while State Farm has provided her with some payment of her claims, it has not fully paid the amount owed for the damages sustained. *Id.* Specifically, Tymon raises claims for her (1) property damage; (2) damage to contents; (3) additional living expenses; (4) loss of rent and use; (5) other damages proven at trial. *Id.* at 1. Tymon also seeks policy benefits pursuant to La. Stat. Ann. § 22:1318 and actual damages, penalties, and attorneys' fees pursuant to La. Stat. Ann. §§ 22:1892 and 22:1973. *Id.* at 2.

On September 27, 2023, State Farm removed the case to this Court. R. Doc. 1. On November 21, 2023, it filed a 12(b)(6) motion to dismiss on the grounds that Tymon failed to show in her Complaint that she is insured under the Policy. R. Doc. 7. On December 13, 2023, this Court granted State Farm's motion without prejudice and allowed Tymon thirty days to file an amended complaint to remedy the deficiencies in her complaint. R. Doc. 8. She did not do so. On January 18, 2024, State Farm filed a motion to dismiss with prejudice and argued that Tymon failed to comply with the Court's order. R. Doc. 10. No opposition was filed. Thus, the Court granted the motion on February 14, 2024. R. Doc. 11. On February 27, 2024, a Judgment was entered in favor of State Farm. R. Doc. 12.

## II.     LAW AND ANALYSIS

Tymon filed her motion styled as a motion for a new trial. Under Federal Rule of Civil Procedure 59, such motions can only be filed after a jury or nonjury trial have taken place. Fed. R. Civ. P. 59(a). On this basis alone, the Court can deny Tymon's motion. However, it appears that she intended to file a motion for reconsideration of this Court's earlier order pursuant to Federal Rule 59(e). Accordingly, the Court will address the merits of Tymon's reconsideration motion.

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to challenge a judgment or order under Rule 54(b), 59(e), or 60(b). *Holmes v. Reddoch*, 19-12749, 2022 WL 16712872 at *2 (E.D.La. Nov. 4, 2022). The timing of when the motion was filed determines the Court's analysis. "If the motion was filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60."[1] *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Because Tymon's

---

[1] While Rules 59 and 60 apply to final judgments only, "if a party seeks reconsideration of an order that adjudicates

motion was filed within twenty-eight days after the entry of judgment, the Court considers the parties' arguments under Rule 59(e).

Law binding on this court explains that "altering, amending, or reconsidering a judgment under Rule 59(e) 'is an extraordinary remedy that should be used sparingly.'" *Bailey v. Domino's Pizza, LLC*, 867 F. Supp. 2d 835, 837 (E.D. La. 2012) (quoting *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). The Court has limited discretion to balance the need for finality against the need for justice by considering several factors. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990). The need for justice generally favors a Rule 59(e) motion only when (1) there has been an intervening change in controlling law, (2) the moving party demonstrates a mistake of law or fact or (3) presents newly discovered evidence that was previously unavailable. *Stephens v. Witco Corp.*, No. 97-1351, 1998 WL 426214, *1 (E.D. La. July 24, 1998); Schiller v. Phys. Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion, however, cannot be used to relitigate issues with new arguments that could and should have been presented before the judgment was rendered. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Here, the Court declines to find that Tymon is entitled to an amended judgment. There has been no intervening change in the law during the time between judgment was entered in the matter and when Tymon filed her reconsideration motion. Similarly, she does not argue that there is newly discovered evidence pertaining to this matter, which was previously unavailable to her. Instead, she explains that she believed no dispositive motion would be filed or ruled on before an initial settlement conference took place pursuant to the Court's case management order. She explains,

> Since the parties didn't yet meet, Plaintiff wasn't expecting a dispositive Motion, and wasn't expecting the Court to rule on it. This passed right under the Attorney's

---

fewer than all the claims among all the parties prior to entry of final judgment, then Rule 54(b) controls." *Id.*

> nose while he was meeting and mediating in good faith on other cases. He wasn't paying attention, granted, but he didn't expect a dismissal before the initial settlement conference, as he understood the CMO.

R. Doc. 13.

Though the Court acknowledges counsel's candor to the Court, it does not excuse Tymon's radio silence up until this point regarding this matter. Specifically, Tymon neglected to oppose State Farm's first motion to dismiss, which it filed on November 21, 2023. R. Doc. 7. As such, over three weeks later, the Court granted State Farm's motion, without prejudice on December 13, 2023. R. Doc. 8. In that order, the Court instructed Tymon to file an amended complaint within thirty days to correct the deficiencies in her original pleading regarding the insurance coverage. *Id.* She did not. Accordingly, on January 18, 2024, State Farm filed a motion to dismiss the matter with prejudice. R. Doc. 10. Once again, Tymon did not oppose that motion. Thus, the Court granted State Farm's motion on February 14, 2024 and entered judgment on February 27, 2024. R. Docs. 11, 12. On March 26, 2024—over four months after she was first put on notice that her case was at risk of dismissal—she filed the instant "motion for a new trial." R. Doc. 13.

However, the Court will not permit Tymon to take a second bite of the apple as she was afforded ample opportunities to correct her mistakes and failed to do so. Tymon's present arguments should have—and could have—been presented before this Court previously rendered judgment. *See Simon*, 891 F.2d at 1159. Finding no bases to conclude otherwise, the Court denies Tymon's motion.

New Orleans, Louisiana, this 16th day of April, 2024.

_____
United States District Judge